IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE: )
 ) Chapter 7
JILL JEANETTE WAIT, )
 ) Bankruptcy No. 08-01390
    Debtor. )

### ORDER RE TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION
### AND MOTION FOR ABANDONMENT OF PROPERTY

On December 10, 2008, the above-captioned matter came on for hearing on Trustee's objection to Debtor's claim of homestead exemption. Also heard on that date was Debtor's Motion for Abandonment of Property. Debtor appeared in person with Attorney Michael Dunbar. The Trustee, Renee Hanrahan, appeared by Attorney Abbe Stensland. Evidence was presented after which the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

### STATEMENT OF THE ISSUES

Debtor filed her Chapter 7 petition on July 2, 2008. In Schedule A, Debtor listed her homestead as exempt. The homestead is located at located at 419 W Ridgeway Avenue, Cedar Falls, Iowa. The Chapter 7 Trustee has objected to Debtor's claim of exemption based upon the Iowa homestead exemption statute. Pursuant to Iowa Code sec. 499A.18, 561.16, 561.19, and 561.20, a debtor is allowed to claim a homestead exemption of no more than one-half acre for property which lies within the city limits of a municipality. Trustee asserts that the property in question consists of approximately three acres lying within the city limits of Cedar Falls, Iowa. Debtor resists Trustee's objection and has filed a Motion for Abandonment of Property. In this Motion, Debtor asserts that the property is encumbered by a mortgage and the contract between Debtor and the mortgage company is an executory contract pursuant to 11 U.S.C. § 365(d)(1). Debtor concludes that, because Trustee did not assume or reject the executory contract, it is deemed rejected and Debtor asks the Court to order Trustee to pay the encumbrance remaining on the property or, alternatively, to direct Trustee to abandon said property as burdensome to the estate.

## FINDINGS OF FACT

The facts are not in significant dispute. Debtor Jill Wait has lived in the home located at 419 W Ridgeway Avenue, Cedar Falls, Iowa for a period of 29 years. The map of the City of Cedar Falls was introduced into evidence and establishes that the above-described homestead is located within the municipality of the City of Cedar Falls. The evidence also establishes that the property in question consists of three acres, more or less. Debtor testified that, in her opinion, the property exceeds $500 in value. These facts establish all relevant elements of the Iowa statute.

## DEBTOR'S HOMESTEAD MORTGAGE AS AN EXECUTORY CONTRACT

The property in question is residential and constitutes the homestead of Debtor. It is encumbered by a mortgage and not a land contract. There is authority that, under certain circumstances, a land contract may be considered an executory contract. In re Scanlon, 80 B.R. 131 (Bankr. S.D. Iowa 1987). However, the Court need not decide if land contracts constitute executory contracts in the present context as the encumbrance is not a land contract but a mortgage. The almost unanimous authority provides that a mortgage constitutes a lien, not an executory contract, and is, therefore, not subject to the executory contract provisions of § 365(d)(1). See Hulls-Dobbs Motor Co. v. Associates Discount Corp., 44 N.W.2d 403, 405-06 (Iowa 1950); State Exchange Bank v. Nola, 207 N.W. 745, 747 (Iowa 1926); In re Progue, 130 B.R. 297, 299 (Bankr. E.D. Mo. 1991); and In re Guido, 345 B.R. 656, 660-61 (Bankr. E.D. Ark. 2006).

As the encumbrance upon Debtor's property is a mortgage and not a land contract, the encumbrance does not constitute an executory contract pursuant to § 365(d)(1). Debtor is not entitled to relief under this Code provision and Debtor's Motion for Abandonment of Property must be denied.

## TRUSTEE'S OBJECTION TO CLAIM OF EXEMPTION

The factual record establishes that Debtor has a homestead within the city limits of Cedar Falls, Iowa in excess of the statutorily exempt one-half acre. This parcel consists of approximately three acres and exceeds $500 in value. Pursuant to the previously cited Iowa Code sections, Debtor is allowed to claim no more than one-half acre within the city limits of a municipality. The law is clear and this Court has previously held that a survey may be performed setting off one-half acre to Debtor. This one-half acre may be elected by Debtor and the

remaining property surveyed and liquidated by the Trustee as property of the estate.  In re McCabe, 280 B.R. 841, 843 (Bankr. N.D. Iowa 2002).  The cost of surveying the property as well as other costs associated with the disposition of the excess property may be paid through sale proceeds.  Based on the foregoing, the Trustee's objection to claim of exemption is proper and the objection must be granted.

**WHEREFORE**, for the reasons set out herein, the Trustee's Objection to Claim of Exemption is GRANTED and the Trustee may proceed to dispose of the excess property of this homestead consistent with this opinion.

**FURTHER**, for the reasons set out herein, Debtor's Motion for Abandonment of Property is DENIED.

Dated and Entered: December 30, 2008

_____
Paul J. Kilburg
Bankruptcy Judge