UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                          )
                                )   Chapter 7
JILL JEANETTE WAIT,             )
                                )   Bankruptcy No. 08-01390
       Debtor.                  )

**ORDER RE: MOTION TO COMPEL DEBTOR'S ELECTION
OF EXEMPT PROPERTY**

This matter came before the undersigned on July 22, 2009 on
Trustee's Motion to Compel.  Attorney Abbe M. Stensland and law
student Rob Sand appeared for Trustee.  Attorney Michael C.
Dunbar appeared with Debtor Jill Wait.  After the presentation of
evidence and argument, the Court took the matter under
advisement.  This is a core proceeding pursuant to 28 U.S.C.
§ 157(b)(2)(B).

**FINDINGS OF FACT**

Pursuant to an Order entered December 30, 2008, Debtor is
entitled to a homestead exemption to the extent of one-half acre
out of the three-acre parcel she has claimed exempt.  The
remainder of the in-town parcel of real estate should be turned
over to Trustee.  Debtor has designated the one-half acre area
she wishes to retain as her exempt homestead.  Trustee asserts
Debtor is attempting to impermissibly "gerrymander the property"
to drive down the value of the remainder of the real estate which
is property of the estate.  Trustee requests an order requiring
Debtor to select her homestead in a way that does not cut off
access or otherwise make the nonexempt property unmarketable or
less valuable.  Trustee has not yet attempted to market the
nonexempt portion of the property because Debtor had not
perviously selected her one-half acre of exempt property.

Debtor resists.  She asserts she needs to maintain her north
property line because access from the south will be changed to
the north at some point in the future.  She wishes to include in
her homestead the driveway to the south, the house with attached
garage, two outbuildings, and access to the north with a
windbreak along the entire north lot line.  Debtor argues this
designation of her homestead is essential to maintain current and
future access to her property.

Debtor testified that she purchased the real estate in 1979
at which time three acres was the minimum lot size for the area.

Since the purchase, more than 40 acres of land to the north of
the property has been greatly developed with manufacturing and
commercial properties.  This is the Cedar Falls Industrial Park.

Debtor's lot measures approximately 214.5 fee wide and 660
feet long, or 141,570 square feet.  One-half acre contains 21,780
square feet.  The area colored in red on Exhibit 1 constitutes
the property Debtor wishes to claim exempt, except that she has
decided not to seek exemption of the strip of land along the
south lot line.  Debtor's resistance states that this area
constitutes 20,999 square feet.  Debtor testified that she needs
access both to the north lot line and to the south lot line
because Ridgeway Avenue on the south will become a restricted
roadway in the near future and Commerce Drive on the north will
be extended and become the only access to Debtor's lot.  Counsel
for Debtor indicated that access to Ridgeway Ave. will be
grandfathered for the current owner, i.e. Debtor, but will be
restricted for future owners.

Exhibit 1 shows that the area Debtor has chosen for her
homestead bisects the lot from north to south and takes a strip
of land along the entire north lot line.  This leaves no access
to the remaining eastern parcel and no northern access for the
remaining western parcel.  As future owners will no longer have
southern access to the lot, this configuration landlocks the two
nonexempt parcels.

## CONCLUSIONS OF LAW

On December 30, 2008, this Court determined that Debtor may
elect the one-half acre she claims exempt as her homestead.  In
re Wait, 2008 WL 5427634, at *2 (Bankr. N.D. Iowa Dec. 30, 2008).
It is well settled that the homestead exemption statutes are to
be liberally construed in the debtor's favor.  In re McCabe, 299
B.R. 564, 566 (Bankr. N.D. Iowa 2003).  Debtor asserts that
because the homestead is peculiarly favored in Iowa, her
selection of one-half acre out of the three-acre parcel is
entitled to the most protection by the Court.

Although Iowa courts have not spoken on the issue, Trustee
points out that cases in other jurisdictions have held that a
debtor's designation of a homestead may not be arbitrary,
capricious or unreasonable.  In re Bradley, 294 B.R. 64, 71
(B.A.P. 8th Cir. 2003) (applying Arkansas law).  A homestead
exemption may be denied where the claimed exemption constitutes
an abuse of the exemption statute.  In re Klaus, 228 B.R. 475,
480 (Bankr. N.D. Okla. 1999) (applying Oklahoma law).  In Klaus,
the court noted with disfavor that the tract selected by the

2

debtor effectively "gerrymanders" around commercial structures and takes highway frontage from the balance of the property.  Id. These cases consider the impact of the debtor's selection of a homestead on the access to and value of the remaining, nonexempt property.  Bradley, 294 B.R. at 71; Klaus, 228 B.R. at 480.

## ANALYSIS

Debtor has selected as her one-half acre homestead an irregularly shaped strip of land which bisects her three-acre parcel of real estate from north to south.  Within the selection, Debtor has chosen 25-foot access to both the north and south borders and a strip of land along the entire northern lot line. This prohibits future purchasers from gaining access to the nonexempt parcels because the southern access will be restricted. The Court concludes that Debtor's selection of her homestead is not in good faith.  The Court will not accept a selection of Debtor's homestead out of the larger parcel which effectively landlocks the remaining, nonexempt property.

Trustee is entitled to submit a proposal selecting the boundaries of a one-half acre homestead for Debtor.  This can be done on an aerial photo of Debtor's lot and need not be drawn to scale.  Debtor may also submit a proposal which is more realistic than that already presented.  As acknowledged by counsel for Debtor, a standard road easement across the nonexempt property can solve any problems regarding current or future access to the property.

**WHEREFORE**, Trustee's Motion to Compel is GRANTED.

**FURTHER**, approval of Debtor's selection of her homestead as set out on Exhibit 1 and in her Resistance to the Motion to Compel is denied.

**FURTHER**, Trustee and Debtor are directed to file, on or before August 21, 2009, their proposals concerning the boundaries of Debtor's one-half acre homestead.

**FURTHER**, from the proposals presented, the Court will select the one which is most realistic and appropriate.

DATED AND ENTERED:  July 29, 2009

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

3