UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

IN RE:                         )
                               )    Chapter 7
JILL JEANETTE WAIT,            )
                               )    Bankruptcy No. 08-01390
     Debtor.                   )

**ORDER RE: SELECTION OF HOMESTEAD**

This Court entered an Order on July 29, 2009 directing Trustee and Debtor to file their proposals concerning the boundaries of Debtor's one-half acre homestead. The parties both filed their proposals on August 21, 2009. As indicated in the Order, the Court will select the one which is most realistic and appropriate.

Debtor's "Plat of Homestead" sets out portions labeled A through F which identify her house with attached garage, two sheds, two driveways and a 24-foot easement to the north. See Doc. 54, p. 3. She claims these portions as her homestead, and "will designate a border around [the house and two sheds] to the maximum of her allowed exemption." This proposal is very similar to that previously submitted by Debtor and rejected by this Court in the July 29, 2009 Order. It bisects the land from north to south. Debtor has, however, given up the strip of land along the entire northern lot line she previously attempted to include in her homestead.

Trustee's proposed division of the property delineates an area surrounding Debtor's house with attached garage measuring 125 ft. by 166 ft., plus a 10-foot driveway along the east lot line of the property, both totaling 0.52 acres. See Doc. 55, p. 6. This would allow the remainder of the property to be divided into two lots of 1.02 acres and 1.24 acres, respectively. See Doc. 55, p. 10. Trustee indicates net proceeds from the sale of the two lots could total approximately $150,000.

The Iowa Code defines the "homestead" as embracing the house used as a home by the owner. Iowa Code § 561.1(1). "If within a city plat, it must not exceed one-half acre in extent." Iowa Code § 561.2. The homestead must not include more than one dwelling house or other buildings "except such as are properly appurtenant thereto." Iowa Code § 561.3. If outbuildings are reasonably necessary and suitable for a debtor's use of property as a homestead, they are included in the homestead exemption as appurtenances. In re Wagner, 2000 WL 34585911 (Bankr. N.D. Iowa

2000), citing Shaffer Bros. v. Chernyk, 107 N.W. 801, 802 (Iowa 1906).

Pursuant to the foregoing and the statements of law set out in the July 29, 2009 Order, Debtor is entitled to a homestead of one-half acre and the selection of the homestead out of the larger parcel should not negatively impact the access to and value of the remaining property.  Debtor's selection of her house, two sheds, driveways and a 24-foot easement is improper. She has not shown that the sheds are necessary or suitable to her use of the property as a homestead.  By choosing a homestead which bisects the entire property from north to south with irregular borders, the remaining property is less valuable and less marketable.

Trustee's proposal is more realistic and appropriate.  It allows Debtor to retain her house with attached garage, and a driveway accessing the south lot line.  The remainder of the property can be divided into two nearly square lots.  Trustee's estimate that the non-exempt portion could bring net proceeds to the bankruptcy estate of approximately $150,000 is credible.

**WHEREFORE**, the Court approves Trustee's Proposed Division of Exempt and Non-Exempt Real Property.

**FURTHER**, the boundaries of Debtor's homestead are those proposed by Trustee in Doc. 55 at page 6.

DATED AND ENTERED: September 1, 2009

_____
PAUL J. KILBURG
U.S. BANKRUPTCY JUDGE

2