IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 7 |
| JILL JEANETTE WAIT, ) | |
| fdba Double JW Inc., ) | Bankruptcy No. 08-01390 |
| fdba Curly Cone, Ltd., ) | |
| ) | |
| Debtor. ) | |

## ORDER RE: MOTION TO COMPEL ABANDONMENT OF PROPERTY

This matter came before the undersigned for telephonic hearing on Friday, May 14, 2010, on Debtor's Motion to Compel Abandonment of Property and Trustee's Objection to same. Attorney Michael C. Dunbar appeared telephonically for Debtor Jill Jeanette Wait. Attorney Abbe M. Stensland appeared telephonically for Chapter 7 Trustee Renee K. Hanrahan. After brief argument, the Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### STATEMENT OF THE CASE

Debtor requests an order compelling Trustee to abandon 2.5 acres of non-exempt homestead property. Debtor asserts that this property is encumbered, unable to be developed under governing zoning laws, and burdensome to the bankruptcy estate. Trustee objects, arguing that she is actively marketing the property and evaluating the potential for rezoning the property. Trustee asserts that additional time would enable her to continue efforts to maximize the value of this property for the benefit of the bankruptcy estate. The Court denies the Motion to Compel Abandonment of the Property, conditioned on Trustee selling the property in the next 30 days or assuming all duties to maintain or preserve the property after 30 days.

**FINDINGS OF FACT**

Debtor's homestead originally consisted of three acres in Cedar Falls, Iowa. In her Chapter 7 schedules, Debtor valued this three-acre homestead at $135,270.00. On September 1, 2009, the Court approved Trustee's Proposed Division of Debtor's Exempt and Non-Exempt Real Property. The Court approved division into an exempt one-half acre homestead under Iowa Code section 561 and a two-and-one-half acre parcel of non-exempt property.

Debtor asks the Court to order abandonment because Trustee has not done anything with the undeveloped property during the nine months that have passed since the Court divided the property. Debtor argues that the non-exempt property has become burdensome to the estate and should be abandoned back to her because it does not have city services (water or sewer) and cannot be developed under governing zoning restrictions. Trustee disagrees. She argues the undeveloped property has potential value to the estate and she is actively trying to market the property. Trustee claims her efforts to sell the property have been complicated and delayed by the need to rezone the property and get city services to it.

At the hearing, Debtor stressed that Trustee has ignored all expenses related to the property during this nine month period. Specifically, Trustee has ignored the mortgage, real estate taxes, property insurance, and maintenance expenses. Debtor further pointed out that Trustee has not even surveyed or platted the property, or taken any other steps towards making it saleable. Trustee responded that she has actively explored development and sale of the property and just needs more time. Trustee argued that Debtor is getting the benefit and use of the full property and that any expenditures Debtor makes to preserve estate property can be claimed as administrative expenses, if the property is later sold.

2

## CONCLUSIONS OF LAW

Under 11 U.S.C. § 554(b), the court may, on request of a party in interest and after notice and a hearing, order the trustee to abandon any property of the bankruptcy estate that is burdensome or of inconsequential value and benefit to the estate. 11 U.S.C. § 554(b). The party seeking abandonment bears the burden of proving the property is either burdensome or of inconsequential benefit and value. In re Alexander, 289 B.R. 711, 715 (B.A.P. 8th Cir. 2003). The bankruptcy court has the discretion to determine whether the factual predicates for abandonment are present. In re Nelson, 251 B.R. 857, 859 (B.A.P. 8th Cir. 2000). Bankruptcy courts have found that abandonment is appropriate in circumstances where there is no concrete evidence of value to the bankruptcy estate. See, e.g., id. at 861 (affirming the order compelling abandonment where trustee presents only a speculative scenario giving rise to value for the bankruptcy estate from two parcels of over-encumbered real property); In re Thornton, 269 B.R. 682, 685 (Bankr. W.D. Mo. 2001) (granting request for abandonment of property that would only result in recovery of $1,119.51 to apply toward debtor's unsecured debt of nearly $67,000.00). The party opposing abandonment must demonstrate the likely benefit to the estate of retaining the property. Speculation and conjecture are not sufficient to make that showing. Nelson, 251 B.R. at 860.

Debtor essentially makes two arguments in favor of abandonment. Debtor argues that Trustee has had sufficient time to make a decision on abandonment and has failed to do so. Debtor thus asks the Court to order immediate abandonment of the property. Debtor also argues that the inaction by Trustee has functionally prevented Debtor from being able to show the

property is burdensome to the estate and/or of inconsequential value.  Debtor argues that Trustee has not participated in preserving and maintaining the property.  Instead, Debtor contends Trustee has left those expenses to Debtor, who has unfairly been put in a position where she cannot show the estate has been burdened by carrying the property.  Debtor argues Trustee should not be allowed to benefit by avoiding costs the estate should be bearing and shifting them to Debtor.  The Court will address these arguments in order.

**A.  Delay By the Trustee**

In a Chapter 7 bankruptcy case, the trustee's major responsibility is to "collect and reduce to money the property of the estate . . . and close such estate **as expeditiously as is compatible with the best interests of the parties.**"  11 U.S.C. § 704(a)(1) (emphasis added).  "The duty to close the estate expeditiously is the Trustee's main duty and overriding responsibility."  Yadkin Valley Bank & Trust v. Linda McGee, Trustee (In re Hutchinson), 5 F.3d 750, 753 (4th Cir. 1993) (citing Collier on Bankruptcy and other cases).  "In order to close an estate expeditiously, a bankruptcy trustee must expeditiously perform each task necessary to close the estate, including the liquidation of the estate."  Id. at 753-54.  "The duty to close the estate expeditiously will often conflict with other duties . . . but this conflict is explicitly recognized in the text of the statute itself, which requires the bankruptcy trustee to **balance the need for expeditious conduct against the 'best interest of parties in interest**.'"  Id. at 754 (quoting 11 U.S.C. § 704(1)) (emphasis added).

In balancing these duties, the trustee is generally permitted, within a reasonable time, to consider the question of abandonment.  5 Collier on Bankruptcy ¶ 554.02(2) (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).  Collier describes the proper balancing as follows:

> The term "reasonable" implies that the period of deliberation is adaptable to
> the circumstances.  The trustee may wait until he or she is able to ascertain

4

>   whether there is any profit to be expected for the estate. In fact, it may be the trustee's duty to wait.
>   . . .
>   While the trustee may be accorded a reasonable time period for investigation, when other parties seek a decision about abandonment, there comes a time, as one court put it, "to fish or cut bait." The trustee must close a bankruptcy estate as expeditiously as is compatible with the best interests of the parties. The term expeditiously should be deemed to put a reasonable time limitation on the trustee. Extraordinary delay in closing a bankruptcy estate should generally not be tolerated. Unreasonably holding property that should be abandoned should likewise not be tolerated.

Id. at 554-5.

Here, there has been significant delay. While there is some minor disagreement about the actual length of the delay, it is largely undisputed that eight to nine months have elapsed since the Court ordered division of the property into exempt and non-exempt parcels. Trustee, however, has pointed out that there are a number of unusual factors in this case that have both caused and excuse the delay. Trustee points out the non-exempt portion of the property needs to be rezoned and does not currently have City services. Trustee claims she has done substantial work on those issues and will continue to do more. Trustee also points out that the City is currently inquiring about an easement on the property and that she simply needs a little more time on both the easement question and the final determination on abandonment.

While Debtor correctly points out Trustee could and maybe should have moved faster in this case, the Court concludes that the delay, to date, has not been unreasonable in these circumstances. Trustee has, for now, sufficiently explained the delay on the abandonment decision. Thus, Debtor's arguments on delay are not sufficient alone to compel abandonment now. However, as the following discussion demonstrates, Trustee is fast approaching the time to "fish or cut bait." Id.

B.  **<u>Burdens and Benefits to the Estate</u>**

Debtor's second argument begins with her own concession that she is having trouble meeting her burden of showing the property is burdensome to the estate. She argues, however, that Trustee's failure to administer the estate's portion of the property (and contribute to the preservation and overall maintenance of the property) has allowed Trustee essentially to have a free ride off Debtor on preserving the property. Debtor expresses particular frustration that Trustee turns around and argues the property is not burdensome to the estate because of that free ride.

Debtor correctly argues that Trustee should not be able to defend the case simply because Trustee has shirked or avoided her duties, especially those that appear to be required by the Code. The Court thus concludes Trustee must pay or share in the expenses of preserving estate property if she is not prepared to sell or abandon it now. The Court, however, does not agree with Debtor that the proper remedy is to order abandonment now. Instead, the Court concludes that Trustee must decide between undertaking all duties and responsibilities relating to the property, including the pro rata portion of costs necessary for preserving estate property, or abandoning the property. Trustee's only other alternative is to find a buyer immediately and file a Motion to Approve Sale.

To be clear, the duties Trustee must perform here flow from her role as the representative of the bankruptcy estate. 11 U.S.C. § 323(a). In this role as estate representative, the trustee has a number of fiduciary obligations to the bankruptcy estate. <u>See, e.g.</u>, <u>In re Kinross Mfg. Corp.</u>, 174 B.R. 702 (Bankr. W.D. Mich. 1994); <u>In re Leavell</u>, 141 B.R. 393 (Bankr. S.D. Ill. 1992). <u>See also</u> National Association of Bankruptcy Trustees, Chapter 7 Trustee Canon of Ethics Preamble

6

(adopted Aug. 17, 2005) ("As a fiduciary, a Trustee occupies a significant position of trust and responsibility and is accountable to all in the bankruptcy system and the public at large."). Among these fiduciary obligations, the trustee is instructed to maximize value to the estate from a liquidation of the debtor's assets. Prasil v. Dietz (In re Prasil), 215 B.R. 582, 585 (B.A.P. 8th Cir. 1998). As noted above, this obligation should be carried out diligently to provide creditors with an equitable distribution of a debtor's property. See Midadlantic Nat'l Bank v. N.J. Dep't. of Envtl. Prot., 474 U.S. 494, 508 (1986) (describing the chief purpose of bankruptcy liquidation as "the expeditious reduction of the debtor's property to money, for equitable distribution to creditors").

The Chapter 7 trustee's basic administrative duties have been succinctly summarized as follows:

> All of Debtor's property [upon filing] automatically is transferred to the bankruptcy estate and the Chapter 7 trustee liquidates the same. 11 U.S.C. §§ 541(a)(1) and 704(a)(1). The liquidation process includes sorting out competing interests and liens and evaluating exemptions claimed. . . . The Chapter 7 Trustee also evaluates and resolves claims made by various creditors and administrative claimants against the bankruptcy estate. 11 U.S.C. §704(A)(5).
>
> These two processes culminate with the Chapter 7 trustee distributing whatever non-exempt proceeds are in the trustee's accounts to administrative, priority and general creditors in the order mandated by Section 726. The Chapter 7 trustee's final report and final account documents the Chapter 7 trustee's compliance with Section 726.

In re St. Joseph Cleaners, Inc., 346 B.R. 430, 434 (Bankr. W.D. Mich. 2006). "The trustee, as a representative of the estate, takes a debtor's property subject to [the] same restrictions that existed on the debtor as the commencement of the case." Bruce C. French, Trustee v. M. A. Johnson (In re Coomer), 375 B.R. 800, 804 (Bankr. N.D. Ohio 2007).

With these principles in mind, the Court concludes that Trustee must immediately assume all of the burdens of preserving and maintaining the property if Trustee also wants to continue exploring the possibility of the benefit to the estate. The Court finds unpersuasive Trustee's argument that Debtor should continue to make all of the payments to preserve and maintain the property and claim these costs as administrative expenses upon any later sale or distribution. Having Debtor carry the expenses for estate property is inconsistent with Trustee's affirmative duties to preserve estate property under the Code. There is nothing in section 554 or any other section that allows Trustee to defer decision-making on abandonment without affirmatively performing duties or spending money to preserve the estate. Expeditious disposition of the estate and execution of Trustee's affirmative responsibility to administer the estate in the best interest of those with a stake in it will be best served by this conclusion. Trustee is required to quickly determine if the property has value and whether that value is significant enough to warrant expenditure of estate funds to preserve it. This also will provide a proper balance of the factors relevant to the abandonment question under section 554(b)—simply stated, a determination of whether the benefits of retaining the property sufficiently outweigh the burdens.

## CONCLUSION AND ORDER

In this case, Trustee may choose to meet her fiduciary obligations to the bankruptcy estate in one of three ways. First, Trustee may assume the financial burdens of maintaining the 2.5 acre parcel in the bankruptcy estate by paying the estate's pro rata share of the costs of carrying the property. Second, Trustee may find an immediate buyer for the property and file a Motion to Approve Sale. Third, Trustee may choose to abandon the property.

**WHEREFORE**, Debtor's Motion to Compel Abandonment of Property is DENIED.

**FURTHER**, for the next 30 days, Trustee may, without making any contribution to preservation of the property, attempt to sell the estate's interest in the non-exempt 2.5 acres of real estate.

**FURTHER**, if Trustee does not find a buyer during that time, the Trustee must assume the estate's pro rata share of the cost of maintaining and preserving the property or promptly abandon the property.

**FURTHER**, if Trustee does not sell or abandon within the next 30 days, and Trustee and Debtor are not able to determine the appropriate pro rata division of expenses, they shall immediately inform the Court and a hearing will be set to decide those issues.

Dated and Entered: June 24, 2010

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE